# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE SHEPHERD; SELINA SHEPHERD,<br><br>            Plaintiffs,<br><br>   vs.<br><br>GMAC MORTGAGE, et al.,<br><br>            Defendants. | CASE NO. 09cv2497-LAB (CAB)<br><br>**ORDER DENYING MOTION TO DISMISS OR STRIKE; AND**<br><br>**ORDER OF REMAND**<br><br>[Docket numbers 5, 6] |

## I.   Background

This action was removed from the California Superior Court for the County of San Diego, Eastern District. Only two Defendants, GMAC Mortgage, LLC and ETS Services, LLC (the "Removing Defendants"), removed the action; the others, they represented, had not yet appeared. Defendants then filed a motion to dismiss or strike, and Plaintiffs moved to remand. As part of the motion to remand, Plaintiffs seek attorney's fees.

The complaint lists thirteen causes of action, two of which arise under federal law.[1] The claims all arise from a foreclosure on Plaintiffs' real property, which has already taken place. The two federal claims arise under the Truth in Lending Act, 15 U.S.C. § 160 *et seq.*

---

[1] The complaint lists thirteen causes of action, but several are actually remedies, not causes of action. *See Cox Commc'n PCS, L.P. v. City of San Marcos,* 204 F. Supp. 2d 1272, 1283 (S.D.Cal. 2002) (holding that "injunctive relief" is a remedy, not a claim).

("TILA") and the Real Estate Settlement and Procedures Act 12 U.S.C. § 2601 *et seq.* ("RESPA"), respectively.

Plaintiffs ask that this action be remanded because not all Defendants joined in the removal. There is a "strong presumption" against removal jurisdiction, and the party seeking removal has the burden of establishing that removal is proper. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). If there is any doubt as to the propriety of removal, federal jurisdiction must be rejected. *Id*.

Plaintiffs have presented proof of service showing most Defendants were served on October 19 or 20, 2009, and the Removing Defendants have not disputed this nor submitted evidence to the contrary. *See Orozco v. EquiFirst Corp.*, 2008 WL 5412364, *1 (C.D.Cal., Dec. 22, 2008) (holding that removing defendants must affirmatively explain the absence of any defendants not joining in removal). They have done no more than to say they don't know whether Harvest Capital, Home Mortgage Solutions, and Isis Financial, Inc. were properly served. (Decl. of Andrew Bao in Supp. of Notice of Removal, ¶ 5.) There is no indication the remaining Defendant, IndyMac Bank, has been served. On November 6, the Removing Defendants removed this action. Harvest Capital, Home Mortgage Solutions, Isis Financial, Inc., and IndyMac Bank did not join in the notice of removal, nor have they yet appeared in this action. The two federal claims are directed at GMAC and IndyMac Bank.

## II.     Discussion

### A.     Unanimous Joinder Rule

Plaintiffs cite *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1998) for the principle that, under 28 U.S.C. § 1446(a), all named and served Defendants (except nominal, unknown, or fraudulently joined parties) must consent to removal of an action. This is sometimes called the *Martin* rule (after *Chicago, R.I. & P.R. Co. v. Martin*, 178 U.S. 245 (1900)), the unanimous joinder requirement or simply the unanimity requirement. *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009). If all Defendants have not joined and an exception applies, the burden falls on the removing parties to explain this. *Prize Frize, Inc. v. Matrix (U.S.), Inc.*, 167 F.3d 1261, 1266 (9th Cir.

1999), *superseded by statute as stated in Abrego v. Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 681 (9th Cir. 2006). Under this rule, the consent of IndyMac Bank was not required for removal, but the consent of Harvest Capital, Home Mortgage Solutions, and Isis Financial, Inc. would ordinarily be required because these three Defendants were served.

The Removing Defendants point to and rely on one of several exceptions to the unanimous joinder rule. Citing the holdings of several federal district courts, they contend only those Defendants who are subject to the removable claims are required to join in removal. *See, e.g., Moscovitch v. Danbury Hosp.*, 25 F. Supp. 2d 74, 78 (D.Conn. 1999); *Hill v. City of Boston*, 706 F. Supp. 966, 968 (D.Mass. 1989); *Gorman v. Abbot Laboratories*, 629 F. Supp. 1196, 1199 (D.R.I. 1986). They argue based on these decisions that this exception to the unanimity requirement is "relatively uniform."

The *Hill* exception, as it is sometimes known, could be described as a variation on a commonly recognized exception to the unanimous joinder rule. The more commonly recognized exception is available when the removable claims are "separate and independent" of the nonremovable claims; in that case, only defendants to the removable claims need to consent to removal. *See Emrich*, 846 F.2d at 1197 (noting "separate and independent" exception). *See also Aura Sys., Inc. v. Loeb & Loeb*, 2009 WL 904132, *2 (C.D.Cal., March 31, 2009) (equating the *Hill* exception with the "separate and independent" exception). The *Hill* exception is noted in a major practice guide, William W. Schwarzer, A. Wallace Tashima, & James M. Wagstaffe, Federal Civil Procedure Before Trial § 2:981.1 (Rutter Group 2008), but it is not so widespread that it can rightly be called uniform, or even relatively uniform. Most notably, the Fifth Circuit rejected the *Hill* exception in *Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir. 1992) (finding the *Hill* exception incompatible with the Supreme Court's holding in *Martin*). Other cases in various U.S. district courts agree with this conclusion. *See, e.g., Mayo v. Christian Hosp. Northeast-Northwest*, 962 F. Supp. 1203, 1205 (E.D.Mo. 1997); *Mullins v. Hinkle*, 953 F. Supp. 744, 750 (S.D.W.Va., 1997); *Regalado v. City of Chicago*, 946 F. Supp. 560, 562 (N.D.Ill., 1996); *Gibson v. Inhabitants of Town of*

/ / /

*Brunswick*, 899 F. Supp. 720, 721 (D.Me. 1995); *Chaghervand v. CareFirst*, 909 F. Supp. 304, 308 (D.Md., 1995).

It is not entirely clear whether *Moscovitch* even relies on the *Hill* exception; it may in fact rely on the commonly accepted "separate and independent claim" exception. *See Henry v. Independent American Savings Ass'n*, 857 F.2d 995, 999 (5th Cir. 1988) ("[I]f one defendant's removal petition is premised on removable claims 'separate and independent' from the claims brought against other defendants, consent of the other defendants is not required.") (citations omitted). *Moscovitch* recognized that, where a case involves a removable claim and a separate and non-removable claim, only defendants against whom the removable claim is brought need to consent to removal. 25 F. Supp. 2d at 78. *Moscovitch* used the word "separate" without explaining whether it meant simply one of the claims in the complaint, or whether it meant a claim independent of the non-removable claims. *Moscovitch* has been interpreted both ways. *Compare* Schwarzer, § 2:981.1 (citing *Moscovitch* for the principle that "defendants named *only* in *nonremovable* claims . . . need not join" in removal) *and Lanford v. Prince George's County, MD*, 175 F. Supp. 2d. 797, 804 (D.Md., 2001) (interpreting *Moscovitch* as holding that consent of a party only named in a <u>separate and independent</u> nonremovable claim is not required).

The Removing Defendants have cited several other cases, including *Intercoastal Refining Co. v. Jalil*, 487 F. Supp. 606, 607–08 (S.D.Tex. 1980), *Radi v. Travelers Insurance Co.*, 1992 WL 131048 (S.D.N.Y. April 13, 1992), and *Parisi v. Rochester Cardiothoracic Associates, P.C.*, 1992 WL 470521 (W.D.N.Y. 1992). These do not support the Removing Defendants' positions, however. *Intercoastal Refining* merely held that a plaintiff's post-removal conduct in federal court waived any objection to improper removal. 487 F. Supp. at 608 ("[T]his Court holds that the Plaintiff's post-removal conduct, occurring prior to insisting upon the right to remand, amounts to an assent to the removal of this action and a waiver of the nonjurisdictional irregularities that existed therein.")

*Parisi* and *Radi* dealt with other exceptions to the unanimous joinder rule, not the one the Removing Defendants are arguing for. *Parisi* rested in part on the federal party-based

exception, under which federal employees or certain other federal defendants may remove a case even without their codefendants' consent. Other courts in this circuit have noted the party-based exception. *See, e.g., Garcia v. American Red Cross*, 1992 WL 470325 at *1 (C.D.Cal. August 12, 1992) (discussing *Parisi* and other cases involving federal parties). But that exception is inapplicable here. *Radi* considered the "separate and independent" exception, but found it inapplicable. *See* 1992 WL 131048 at *2 (because both claims were removable but codefendant did not join in removal, remanding case).

The Removing Defendants' citations to *Moscovitch* and *Radi* suggest they may be equating the *Hill* exception with the "separate and independent" exception, effectively relying on both. But even if the Removing Defendants had made clear they thought the "separate and independent" exception should apply, this argument would fail. The TILA claim, in particular, alleges GMAC failed to make certain required disclosures or to fulfill its other statutorily-imposed duties as a lender, resulting in Plaintiffs' taking on unsustainable debt and losing their property. This claim is substantially interlinked with several of the other claims, making the "separate and independent" exception unavailable. *See Emrich*, 846 F.2d at 1197 (holding that where a complaint is based on an "interlocked series of transactions" the "separate and independent" exception is inapplicable). The Removing Defendants' only viable theory is that the *Hill* exception should apply.

Neither party has cited authority showing that the Ninth Circuit has affirmatively accepted or rejected the *Hill* exception, but at least one other court in this circuit has rejected it. *See Maui Pineapple Co., Ltd. v. E. A. Bonelli & Assocs., Inc.*, 2007 WL 1732562, *6 (D. Haw., June 14, 2007) (finding notice of removal defective where defendant that had been served but had not answered did not join in removal). The Court agrees with those courts and likewise rejects the *Hill* exception.

### B. Plaintiffs' Failure to Prosecute

The Removing Defendants have also pointed out the three served non-removing Defendants have not appeared or indicated they would be appearing, and Plaintiffs have taken no steps to default these Defendants or otherwise prosecute claims against them.

Some courts have been willing to construe an expression of intent not to pursue claims against a particular defendant as a dismissal for purposes of diversity jurisdiction. *See, e.g., Adams v. Estate of Keck*, 210 F. Supp. 2d 863, 865 (W.D.Ky. 2002) (holding even without formal dismissal, removal was proper after agreement to settle with non-diverse defendant); *Erdey v. American Honda Co., Inc.*, 96 F.R.D. 593, 598–99 (D.La., 1983) ("The cases have consistently held that a voluntary dismissal or any other kind of voluntary discontinuance of the action as to the non-diverse defendants makes the action removable by the diverse defendant.") In one sense, a decision not to pursue claims against a defendant could be said to render that defendant a sham defendant. *See Adams* at 865 (holding that, where there was "no true adverse interest remaining between the parties," the remaining issue was a "sham") (citing *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941)).

While this argument has some persuasive force, it does not carry the day. Plaintiffs are not required to prosecute claims against Defendants while a motion to remand is pending. Their decision not to do so does not adequately show they have abandoned their claims against Harvest Capital, Home Mortgage Solutions, or Isis Financial, Inc., but only that they do not intend to litigate in federal court. And under these circumstances requiring Plaintiffs to litigate their claims while the motion to remand is pending would effectively moot their request for remand, circumventing statutory removal requirements. Furthermore, certain post-removal conduct can waive the right to remand or render it inequitable or impractical, *Intercoastal Refining*, 487 F. Supp. at 608, and forcing Plaintiffs into this position could effectively force them to waive their right to remand.

The Court therefore finds remand is required.

**C.     Attorney's Fees**

The Court has discretion to award attorney's fees and costs under 28 U.S.C. § 1447(c). Because the Removing Defendants relied in good faith on substantial persuasive authority and because the *Hill* exception to the unanimous joinder rule has not clearly been rejected in this circuit, the Court finds an award of costs and fees inappropriate.

/ / /

### III. Conclusion and Order

Plaintiffs' motion to remand is **GRANTED** but the request for attorney's fees and costs is **DENIED**. Defendants' motion to dismiss or to strike is **DENIED AS MOOT**. All pending dates are **VACATED**. This action is hereby **REMANDED** to the Superior Court of California for the County of San Diego.

**IT IS SO ORDERED**.

DATED: September 10, 2010

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge